IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL D. RICHARDSON #482401, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00716 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| LT. T. ROBERTSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Richardson, a pretrial detainee[1] at the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2.) As explained below, the application will be granted, but upon initial review of the Complaint, Plaintiff fails to state a claim for relief at this time. To proceed in this case, Plaintiff must file an Amended Complaint by following the instructions at the end of this Order.

### I. APPLICATION TO PROCEED AS A PAUPER

Plaintiff's application to proceed as a pauper is accompanied by a certified copy of his inmate trust account statement, as required by statute. *See* 28 U.S.C. § 1915(a). These documents reflect that Plaintiff cannot pay the full filing fee in advance. (Doc. No. 2 at 3 (showing a spendable balance of $0.82 at the time of filing).) Accordingly, Plaintiff's application (Doc. No. 2) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, to be paid as follows:

---

[1] The Complaint does not clarify whether Plaintiff is a convicted prisoner or pretrial detainee (Doc. No. 1 at 2), but the Court takes judicial notice of Plaintiff's status from the Davidson County Criminal Court Case Information database. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2250775%5E5442993%5ECJIS/MICHAEL%5ERICHARDSON%5E03091979%5E482401/ (last visited Nov. 8, 2022) (reflecting that Plaintiff has an ongoing state criminal case); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they

plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). And because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Rather than write the factual basis for his claims on the Complaint, Plaintiff directs the Court to attached Jail Incident Reports completed by six DCSO staff members. (Doc. No. 1 at 6; *id.* at 9, 13 (Lt. Robertson); *id.* at 8, 10 (Officer Ryan Nichols); *id.* at 11, 14 (Officer Demarious Hamilton); *id.* at 12 (Officer Brandson Monger); *id.* at 15, 17–18 (Corporal Kyvari Bolden); *id.* at 16 (Officer Robriquez Malone).) This type of incorporation by reference is not necessarily improper. *See Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."). But the attached documents do not permit this case to proceed because they do not contain any allegations that are personal to Plaintiff.

The Jail Incident Reports concern an incident at DCSO just after midnight on December 26, 2021. According to the reports, officers conducted a "shakedown" of a housing pod, which involved removing inmates from the pod, strip searching the inmates, searching the pod for items that did not belong, and removing those items. When inmates returned to the pod, many became

disruptive, refused to follow the directives of DCSO staff members, and threatened staff. Lieutenant Talina Robertson eventually sprayed a chemical agent to re-establish order within the pod. Four unidentified inmates were pulled from the pod to receive medical attention, and inmate Qwaveion Wilson was taken to the hospital after a door was closed on his finger, severing it. (*See* Doc. No. 1 at 8–18.) Plaintiff sues DCSO and Lt. Robertson. (*Id.* at 1–2.)

Plaintiff, however, is not mentioned at all in the Jail Incident Reports that make up the substance of the Complaint. And absent class certification, Plaintiff "lacks standing to assert the constitutional rights of other prisoners." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (*Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)). As the Complaint currently stands, therefore, Plaintiff has not alleged facts that concern him in any way—much less facts supporting a reasonable inference that Plaintiff suffered a constitutional violation, as he claims. (*See* Doc. No. 1 at 5 (asserting claims under the Eighth and Fourteenth Amendments)); *LeFever v. Ferguson*, 645 F. App'x 438, 447 (6th Cir. 2016) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)) ("Claims under [Section] 1983 are personal to the party injured by a constitutional violation.").

The Court also notes that DCSO—understood as either a place of incarceration or a law enforcement agency—is not a proper defendant to a Section 1983 suit. *See Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases establishing that "police departments and sheriff's departments are not proper parties to a § 1983 suit"); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). So, even if the Complaint stated a claim for relief, Plaintiff could not maintain this case against Defendant DCSO.

Rather than dismiss the case at this time, the Court will allow Plaintiff an opportunity to file an Amended Complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

### III. INSTRUCTIONS TO PLAINTIFF

To proceed, Plaintiff **MUST** file an Amended Complaint that explains how one or more Defendants acted (or failed to act) in a way that harmed *Plaintiff specifically* (rather than other inmates). The Amended Complaint must include all factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding the alleged incident at DCSO on December 26, 2021. The Amended Complaint will replace the prior complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:22-cv-00716**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine if Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case for failure to state a claim.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE